UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FULTON WASHINGTON, | Case No. [CV 06-03946 DDP] |
| Petitioner, | CR 96-00557 WMB ✓ |
| v. | **AMENDED ORDER DENYING PETITIONER'S FEDERAL RULE OF CIVIL PROCEDURE 60(b)(4) MOTION** |
| UNITED STATES OF AMERICA, | |
| Respondent. | [Petition filed on July 9, 2007] |

This matter is before the Court on Petitioner Fulton Washington's Federal Rule of Civil Procedure 60(b)(4) motion[1] challenging the district court's denial of his October 1, 2001 habeas petition under 28 U.S.C. § 2255. Despite Respondent's

---

[1] Although Petitioner labels his motion as a Rule 63, 60(b)(4) & (6) motion, the Court construes it as a single 60(b)(4) motion. Rule 63 merely outlines the procedure for replacing a judge when he or she is unable to proceed, while Rule 60(b)(4) authorizes the Court to relieve a party of an order on the ground that it is void. Petitioner appears to conflate Rule 63 and 60(b)(4) by claiming that the judgment is void [Rule 60(b)(4)] on the ground that the procedure outlined in Rule 63 was not properly followed. Thus, the Court construes Petitioner's use of these two rules as a single Rule 60(b) motion. Rule 60(b)(6) authorizes the court to relieve a party of a judgment for "any other reason justifying relief." However, Petitioner fails to allege any specific reasons that would justify relief pursuant to Rule 60(b)(6). As such, the substance of Petitioner's Rule 63, 60(b)(4) & (6) motion amounts to a single Rule 60(b)(4) motion.

contention that Petitioner's motion should be construed as arising under 28 U.S.C. § 2255, the Court finds that it is properly construed as a Rule 60(b)(4) motion seeking relief from order. After reviewing the papers submitted by the parties, the Court denies Petitioner's Rule 60(b)(4) motion.[2]

**I. Background**

On November 12, 1996, Petitioner was found guilty of conspiracy to manufacture phencyclidine ("PCP"), in violation of 21 U.S.C. §§ 846 and 841(a)(1), possession of piperidinocyclohexane-carbonitrile ("PCC") with the intent to manufacture PCP, in violation of 21 U.S.C. § 841(a)(1), and attempted manufacture of PCP, in violation of 21 U.S.C. §§ 846 and 841(a)(1).

On October 1, 2001, Petitioner challenged his sentence by filing a 28 U.S.C. § 2255 motion. On February 2, 2006, the district court denied the § 2255 motion on the merits. On June 22, 2006, Petitioner challenged his sentence yet again by filing another § 2255 motion, which this Court denied on August 25, 2006 on the ground that it was a successive petition. Subsequently, Petitioner sought to obtain a certificate of appealability, and on March 27, 2007, the Ninth Circuit denied Petitioner's request. On July 9, 2007, Petitioner filed the instant motion pursuant to Federal Rules of Civil Procedure 63 and 60(b)(4) & (6), seeking to challenge the district court's February 2, 2006 order denying his October 1, 2001 28 U.S.C. § 2255 habeas petition.

---

[2] Aside from several technical corrections, this Amended Order is identical to the original Order.

2

**II. Legal Standard**

28 U.S.C. § 2255(h) provides that second or successive habeas motions must be certified as provided in 28 U.S.C. § 2244.  Section 2244(b)(3)(A) states that "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  "In most cases when the factual predicate for a Rule 60(b) motion also states a claim for a successive [habeas] petition . . . the Rule 60(b) motion should be treated as a successive habeas petition." Thompson v. Calderon, 151 F.3d 918, 921 (9th Cir. 1998). Conversely, when the factual predicate for a Rule 60(b) motion does not state a claim for a successive petition, it should not be treated as such.  Indeed, "a bright line rule equating all Rule 60(b) motions with successive habeas petitions would be improper." Id. at 921 n.3.

**III. Discussion**

    A.   <u>Petitioner's Motion is Properly Construed as Arising Under Rule 60(b)</u>

The issue before the Court is whether Petitioner's motion is properly construed as arising under 28 U.S.C. § 2255 or Federal Rule of Civil Procedure 60(b)(4).  As previously mentioned, the Court finds that it is properly construed as the latter.

Respondent argues that Petitioner's motion is, in substance, a § 2255 habeas petition.  The Court disagrees.  A Rule 60(b) motion challenges the validity of a court order, while a § 2255 petition challenges the validity of a sentence or conviction.  The

3

distinction between a collateral attack upon the order denying Petitioner habeas relief and a collateral attack upon the underlying sentence itself is relevant because a challenge to the former is a use of the Federal Rules not inconsistent with the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"),[3] and thereby within the reach of the Federal Rules of Civil Procedure, while a challenge to the latter is inconsistent with AEDPA, and accordingly not within the reach of the Federal Rules.  See Gonzalez v. Crosby, 545 U.S. 524, 529 (2005) (holding that the use of Federal Rules in habeas proceedings is permissible to the extent that they do not conflict with the applicable habeas statute).  If Petitioner were in fact attacking the underlying sentence itself, the use of his Rule 60(b)(4) motion would be inconsistent with AEDPA because it would allow Petitioner to circumvent the rule against successive petitions by allowing him to lodge a second attack on his sentence without authorization from the court of appeals.  Petitioner's use of Rule 60(b)(4) to attack the validity of the order denying him habeas relief on the other hand, is consistent with AEDPA because it allows him to raise challenges to the manner in which his habeas petition was handled.

Here, because Petitioner's motion alleges that the order denying his § 2255 petition was void because of judicial misconduct, he does not seek to challenge the validity of the underlying sentence itself.  Petitioner's use of Rule 60(b) as a means of attacking the 2006 denial of his § 2255 motion is thus

---

[3] AEDPA governs the procedure for filing petitions for writs of habeas corpus pursuant to, among other statutes, 28 U.S.C. § 2255.

4

consistent with the policy of preventing abuse of the writ of habeas corpus that underlies AEDPA.  Cf. McCleskey v. Zant, 499 U.S. 467, 489 (1991) (holding that "a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in the first").  As Petitioner is not attempting to litigate issues that could have been raised in his first petition, his use of Rule 60(b)(4) is consistent with AEDPA.  Accordingly, the Court is free to entertain his allegation that the February 2, 2006 order is void.

    B.    The February 2, 2006 Order is not Void

Approximately five years after Petitioner filed his October 1, 2001 § 2255 habeas petition, the then presiding judge of Petitioner's case, Judge Byrne, passed away.  Shortly thereafter, Judge Tevrizian succeeded Judge Byrne, and denied Petitioner's § 2255 motion.  Petitioner claims that Judge Tevrizian did not adequately review the files and records of his case, and thus made erroneous findings of fact and conclusions of law.

"A judgment is void if the court that considered it lacked jurisdiction of the subject matter, or if the parties or the court acted in a manner inconsistent with due process of law."  Watts v. Pinckney, 752 F.2d 406, 409 (9th Cir. 1985) (internal quotation marks and alterations omitted).  Petitioner claims that the successor judge's alleged unfamiliarity with the record rendered the order denying him habeas relief void on the ground that it was "inconsistent with due process of law."  (Pet'r's Rule 60(b)(4) Mot. 1.)  The Court disagrees.  First, the record does not support a finding that the successor judge was unfamiliar with the case.

5

1  Judge Tevrizian wrote a detailed 28-page order denying Petitioner's
2  § 2255 motion.  The order included all of the relevant procedural
3  and factual background information, and a detailed analysis
4  applying the applicable law to the facts of Petitioner's case.
5  Additionally, Petitioner's allegation that Judge Tevrizian was
6  unfamiliar with the case is conclusory; he fails to provide the
7  Court with any evidence in support thereof.  Thus, the Court
8  rejects Petitioner's claim that the judgment is void on the ground
9  that the successor judge was unfamiliar with the record.

**IV. Conclusion**

  For the foregoing reasons, the Court hereby denies Petitioner's Federal Rule of Civil Procedure 60(b)(4) motion.

IT IS SO ORDERED.

Dated:  June 23, 2008

_____
DEAN D. PREGERSON
United States District Judge